IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GERRY KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| SYSCO COMPANY, a corporation; | ) |
| JAMES HAMILTON HALL, an individual; | ) |
| | ) |
| Defendants. | ) |

# NOTICE OF REMOVAL

Defendants, Sysco Gulf Coast, LLC (incorrectly named by Plaintiff as "Sysco Company" and hereinafter referred to as "Sysco") and James Hamilton Hall (hereinafter referred to as "Mr. Hall"),[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of Limestone County, Alabama, to the U.S. District Court for the Northern District of Alabama, Northeastern Division. In support of this removal, Sysco and Mr. Hall state as follows:

## I.     PROCEDURAL BACKGROUND

1.     On November 20, 2021, Gerry Kirby ("Plaintiff") filed a Complaint against Sysco and Mr. Hall in Limestone County, Alabama, Case No. 44-CV-2021-900260. *See* Ex. A.

2.     In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as Exhibit B.

3.     Sysco was served with the summons and complaint on November 30, 2021.

4.     Mr. Hall was served with the summons and complaint on November 30, 2021.

---

[1] By filing this notice of removal, Defendants do not concede that they are proper parties to this action, nor do they concede that service was proper.

1

5. This notice is being filed in the United States District Court within thirty days after service of the Complaint upon the Defendants and, therefore, is timely under 28 U.S.C. § 1446(b).

6. Defendants filed a notice of filing this notice of removal with the Circuit Court of Limestone County, Alabama, a copy of which is attached as Exhibit B.

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds the threshold for federal diversity jurisdiction.

II. **DIVERSITY JURISDICTION**

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty days of the date Defendants were served with the summons and complaint, and, therefore, it complies with the procedural requirements of 28 U.S.C. §1446(b).

**A.   There is Complete Diversity of Citizenship between the Parties.**

9. This action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).

10. The Plaintiff resides in Limestone County, Alabama, and is a citizen of the State of Alabama. *See* Ex. A, Complaint.

11. Mr. Hall resides in Holmes County, Florida, and is a citizen of the State of Florida. *See* Ex. A, Complaint.

12. Sysco Gulf Coast, LLC, the owner and/or operator of the vehicle involved in the accident, only has two member entities, Sysco Holdings, LLC and Freshpoint, Inc. Freshpoint, Inc. is incorporated in the State of Delaware with its principal place of business in Houston, Texas.

Sysco Holdings, LLC's sole member entity is Sysco Corporation. Sysco Corporation is incorporated in the State of Delaware with its principal place of business in Houston, Texas. Thus, for purposes of diversity jurisdiction, Sysco Gulf Coast, LLC is a citizen of the States of Delaware and Texas. 28 U.S.C. § 1332(c)(1).[2]

13. Furthermore, under the amended removal statute, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(a). *Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

14. Accordingly, there is complete diversity among the parties.

**B. The Amount-In-Controversy Requirement is Satisfied.**

15. Traditionally, the amount in controversy is gleaned from the damages clause in the complaint. But in cases like the instant case "[i]f a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the.... jurisdictional requirement.'" *Rowe v. Michelin. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996). To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe*, 613 F. 3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 756 (11th Cir. 2010)(concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal").

---

[2] The Accident Report (attached as Exhibit C) lists "Sysco Company" as the owner of one of the vehicles involved in the accident. Plaintiff named Sysco Company as a defendant, but served Sysco Company at an address registered (with the Alabama Secretary of State) to Sysco Gulf Coast, LLC. Sysco Company, however, does not appear to exist as a juridical entity. Therefore, for purposes of this removal (and out of an abundance of caution), Sysco Gulf Coast, LLC timely removes this action on its behalf and on behalf of "Sysco Company" to the extent deemed necessary by this Court.

16. Legal precedent from the U.S. Court of Appeals for the Eleventh Circuit permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id*. at 754. Simply put, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); see also *Williams v. Best Buy Co., Inc.*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Rowe*, 613 F.3d at 1061-62.

17. Based on the nature of the accident, Plaintiff seeks significant damages.

18. The accident report shows that the accident occurred while Plaintiff, Mr. Kirby, was traveling 80-mph in a 45-mph zone while under the influence. *See* Ex. C, Accident Report. According to the accident report, the force of the collision caused Plaintiff's vehicle to ricochet off Defendants' transfer truck and strike the curb.[3] *Id*. Upon colliding with the Defendant, Plaintiff' was taken to Huntsville Hospital via ambulance. *Id.*

19. As a result of the accident, Plaintiff claims physical pain, future medical expenses, mental anguish, permanent injury and disfigurement, loss of past and future wages and punitive damages. Complaint ¶19, Ex. A. The Plaintiff avers that the negligent or wanton conduct of the Defendants directly or proximately caused his injuries and demands compensatory and punitive damages. *Id*. (*See Yates v. Medtronic, Inc.*, No. CA 08-0337-KD-C, 2008 WL 4016599, at *4 (S.D.

---

[3] The Police determined that Plaintiff was the primary contributing cause of the accident due to running a red light, speeding, and driving under the influence. *See* Ex. C.

Ala. Aug. 26, 2008) (alleged injuries less serious than death have been found to satisfy the amount in controversy requirement) (quoting *Gebbia v. Wal-–Mart Stores,* 233 F.3d 880, 888 (5th Cir. 2000) (alleged damages in a slip and fall case for "medical expenses, physical pain, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount).

20. Additionally, the preponderance of the evidence establishes that the amount in controversy is met. The plaintiff seeks recovery of damages for personal and permanent injuries, disfigurement, emotional distress and mental anguish, among other things. By and through counsel, Defendants were able to locate reported jury verdicts or settlements of similar cases that involve a motor vehicle accident where Plaintiff sought damages where the Defendant was driving a commercial vehicle or transfer truck, Plaintiff sought damages for a permanent injury or disfigurement, and Defendants also included cases where Plaintiff had minimum injuries and recovered over $75,000.

21. In *Shunetta Lewis, as mother of C. Lewis, and Shunetta Lewis vs. Millis Transfer, Inc.; Jerry Thomas*, 2005 WL 3803449 (Cir. Ct. Jefferson Cnty. 2005), Plaintiff, C. Lewis claimed permanent injury, disfigurement, medical expenses, closed head injuries, bruising, swelling, abrasions, and hospitalization as a result of a rear end accident with a transfer truck. The jury awarded C. Lewis $381,518.85. (See Ex. "D").

22. In *Alma Hubbard v. Dorothy F. White; Safeway Insurance Co. of Alabama*, 2007 WL 4643794 (Cir. Ct. Lauderdale Cnty. March. 2007), Plaintiff claimed soft tissue injuries, disfigurement, mental anguish, medical expenses, and lost income resulting from Defendant negligently allowing her vehicle to collide with Plaintiff's vehicle. The jury returned a verdict of $300,000 against the defendant.  (See Ex. "D").

23.     As set forth above, the amount in controversy exceeds $75,000. This Court is allowed to look elsewhere to reasonably deduce the amount in controversy. The material submitted with this Notice establishes, by a preponderance of the evidence, that the amount in controversy is more than $75,000.

24.     Furthermore, on the facts surrounding the accident and Plaintiff's complaint, it is reasonable, therefore, that Plaintiff will seek, and may recover medical expenses, emotional distress, mental anguish, lost past and future wages and punitive damages that would exceed $75,000.

**B.     The Other Prerequisites for Removal Have Been Satisfied.**

25.     Defendants, in addition to satisfying the requirements of diversity jurisdiction, satisfied all other requirements for removal.

26.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

27.     Defendants have not previously removed this action.

28.     Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

29.     Removal to this district and division is proper under 28 U.S.C. § 81(a)(3) because this district and division embrace the Circuit Court of Limestone County, Alabama, the forum in which the removed action was pending.

30.     In accordance with 28 U.S.C. § 1446(d), Defendants promptly provided written notice of the filing of this Notice of Removal to Plaintiff and filed a Notice of Filing the Notice of Removal with the Clerk of the Circuit Court of Limestone County, Alabama, where this action was pending. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

31. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

**WHEREFORE**, Defendants Sysco Company and James Hamilton Hall respectfully request that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Limestone County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division.

Respectfully submitted this 29th day of December 2021.

/s/Rodney Dillard II
Marcus M. Maples (MAP010)
Rodney Dillard II (DIL027)
*Attorneys for Sysco Corporation and James H. Hamilton*

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400
Birmingham, AL 35203-5202
Telephone: (205) 328-0480
mmaples@bakerdonelson.com
rdillard@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the CM/ECF e-filing system and/or U.S. Mail, this the 29th day of December 2021.

Richard A. Rice, Esq.  
THE RICE FIRM, LLC  
115 Richard Arrington Jr. Blvd. North  
Birmingham, AL 35203  
rrice@rice-lawfirm.com

                          /s/ Rodney Dillard II  
                          OF COUNSEL