FILED
2021 Dec-30  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# **EXHIBIT A**

DOCUMENT 2
Case 5:21-cv-01723-HNJ   Document 1-1   Filed 12/29/21   Page 2 of 17

ELECTRONICALLY FILED
11/20/2021 5:20 AM
44-CV-2021-900260.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

**IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA**

| | |
|---|---|
| **Gerry Kirby, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: CV-2021-_____ |
| ) | |
| **SYSCO COMPANY** ) | |
| **a corporation,;** ) | |

**JAMES HAMILTON HALL an individual; and No. 1,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicles being driven by Defendant JAMES HAMILTON HALL on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Defendant JAMES HAMILTON HALL on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 3,** whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose negligence caused the Plaintiff's injuries on the date of the incident forming the basis of the Plaintiff's Complaint; **No. 4,** whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose wantonness, recklessness or willfulness caused the Plaintiff's injuries on the occasion forming the basis of the Plaintiff's Complaint; **No. 5,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 6,** whether singular or plural, that entity or those entities for whom the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint were performing a duty or service at the time of the incident; **No. 7,** whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicles involved in the collision forming the basis of this lawsuit were being operated at the time of the incident forming the basis of the Plaintiff's Complaint; **No. 8,** whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 9,** whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 10,** whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiff's injuries received as a result of the incident forming the basis of the Plaintiff's Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; **No. 11,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers or the owners of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; **No. 12,** whether singular or plural, that entity or those entities who or

which are the successor-in-interest of any of the entities described herein; **No. 13,** whether singular or plural, that entity or those entities who or which are the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiff's Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicles and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiff's injuries; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the drivers of the commercial motor vehicles involved in the collision forming the basis of the Plaintiff's Complaint. The Plaintiff avers that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

                )
 **Defendants.**          )

## COMPLAINT

COMES NOW Plaintiff, Gerry Kirby, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### Parties

1. Plaintiff, Gerry Kirby, is an adult resident citizen of Limestone County, Alabama.

2. Defendant, Sysco Company, is, upon information and belief, is a DOMESTIC corporation with its principal place of business in the State of Alabama.

3. At the time of the collision forming the basis of this civil action, Defendant, Sysco Company, was operating in and doing business in the State of Alabama.

4. On or about November 26, 2021 Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owned and/or leased, maintained, and controlled a 2018 FRHT RH613 motor vehicle (VIN # 3HSDZAPR3KN047056) involved in a collision with Plaintiff, Gerry Kirby.

5. Defendant JAMES HAMILTON HALL is, upon information and belief, an adult resident citizen of Westfield, FL who was at all times pertinent to this civil action working for and under the control of Defendant, Sysco Company and one or more of the fictitious parties Defendant

listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the 2009 FRHT 99 motor vehicle (VIN # 1FUJGLDR89LAL8528) owned and/or leased, maintained and controlled by Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on June 1, 2016.

6. All of the acts and omissions of Defendant, James Hamilton Hall, alleged in this civil action were acts and omissions that occurred while Defendant JAMES HAMILTON HALL was acting within the line and scope of his employment as an agent of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

7. This Complaint is brought against all employees and agents of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant, Road Runner Transportation Services, LLC, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees and agents of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

8. Defendant Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as a legal entity, can only act through its officers, employees, and agents. As the employer of those

who set policies and play any role in the hiring, training, retention and supervision of the employees and agents, Defendant Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff, Gerry Kirby.

## Factual Allegations

9. The Plaintiff adopts and incorporates paragraphs one (1) through eight (8) as if fully set out herein.

10. On or about November 26, 2019 Plaintiff, Gerry Kirby, was Westbound on Huntsville/Brownsferry Road (Gillespie Road) in Limestone County, Alabama, at or near the intersection of Countyline Road.

11. At the same time and place, Defendant, James Hamilton Hall, was operating a motor vehicle that was leased and/or owned by Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was North on Countyline Road, Alabama, at or near the intersection of Huntsville/Brownsferry Road (Gillespie Road).

12. At the same time and place, Defendant, James Hamilton Hall, was employed by and was acting within the line and scope of his employment working for the commercial benefit of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

13. At the same time and place, Defendant, James Hamilton Hall, caused and/or allowed his motor vehicle to collide with the vehicle operated by Plaintiff, Gerry Kirby.

14. As a direct and proximate consequence of the collision described herein, the Plaintiff was caused to suffer personal injuries and damages as described with particularity in paragraph nineteen (19) below.

### Count One
### Negligence/Wantonness
### (James Hamilton Hall)

15. The Plaintiff adopts and incorporates paragraphs one (1) through fourteen (14) as if fully set out herein.

16. At the time of the collision forming the basis of this civil action, Defendant, James Hamilton Hall, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

17. Defendant, James Hamilton Hall, while acting at all times in the line and scope of his work for Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his motor vehicle to collide with a vehicle that was caused to collide with a vehicle owned and/or operated by Plaintiff, Gerry Kirby, including, but not limited to, the following conduct:

    a. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

    b. Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

    c. Failing to yield the right-of-way to the Plaintiff; and

    d. Operating his motor vehicle without adequate training, experience and qualification.

18. As a direct and proximate consequence of the conduct of Defendant, James Hamilton Hall, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff, Gerry Kirby, was caused to suffer injuries and damages described more fully in paragraph nineteen (19), above.

19. As a direct and proximate consequence of the conduct of Defendant, James Hamilton Hall, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, Plaintiff, Gerry Kirby, was caused to suffer injuries and damages, including, but not limited to:

   a. The Plaintiff was caused to suffer injuries to her person that were and are attended by physical pain and suffering;

   b. The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure his injuries;

   c. The Plaintiff suffered permanent injuries and disfigurement;

   d. The Plaintiff suffered mental anguish and emotional distress; and

   e. The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gerry Kirby requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants JAMES HAMILTON HALL and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendants' conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's

verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Two
*Respondeat Superior*
**(Sysco Company)**

20. The Plaintiff adopts and incorporates paragraphs one (1) through nineteen (19) as if fully set out herein.

21. At the time and place of the collision forming the basis of this civil action, Defendant, Sysco Company. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Defendant, James Hamilton Hall.

22. At the time and place of the collision forming the basis of this civil action, Defendant, James Hamilton Hall, was the agent, servant and/or employee of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

23. At the time and place of the collision forming the basis of this civil action, Defendant, James Hamilton Hall, was acting within the line and scope of his employment with Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was operating a motor vehicle in furtherance of the business purposes of Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

24. As a result of the foregoing, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10,

11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff, Dale Gerry Kirby, for the negligent, wanton, reckless or willful conduct of Defendant, James Hamilton Hall, as agent, which proximately caused injuries and damages to Plaintiff, Gerry Kirby, set forth in paragraph nineteen (19), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gerry Kirby, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Count Three**
**Negligent Hiring, Training, Retention & Supervision**
**(Sysco Company)**

25. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-four (24), as if fully set out herein.

26. At all times relevant to the events forming the basis of this civil action, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to Plaintiff, Gerry Kirby, and to the other members of the motoring public, to exercise reasonable care in:

    a.    Hiring and retaining their drivers;

    b.    Providing training and instruction to their drivers;

    c.    Properly supervising their drivers;

    d.    Complying with federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

    e.    Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

    e.    Establishing safe procedures for the operation of their commercial motor vehicles; and

    f.    Inspecting, maintaining and repairing their commercial motor vehicles.

27.    At all times relevant to the events forming the basis of this civil action, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the duties set forth above by failing to use reasonable care in the:

    a.    Hiring of their drivers, employees or agents, including Defendant James Hamilton Hall;

    b.    Training of their drivers, employees or agents, including Defendant James Hamilton Hall;

    c.    Retention of their drivers, employees or agents, including Defendant James Hamilton Hall;

    d.    Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant James Hamilton Hall;

    e.    Instruction of their drivers, employees or agents, including Defendant James Hamilton Hall;

    f.    Supervision of their drivers, employees or agents, including Defendant James Hamilton Hall;

    g.    Entrustment of a commercial vehicle to their drivers, employees or agents, including Defendant James Hamilton Hall;

    h.    Inspection of their commercial motor vehicles;

      i.      Proper execution of their business practices and procedures;

      j.      Compliance with state and federal regulations;

      k.      Enforcement of their drivers', employees' or agents' compliance with state and federal regulations, including Defendant James Hamilton Hall;

      l.      Utilization of available information to properly monitor their drivers, employees or agents, including Defendant James Hamilton Hall for compliance with company policies, state regulation and federal regulations; and

      m.      Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

28. As the entity that employed and controlled Defendant, James Hamilton Hall, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

29. As a proximate consequence of Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant, James Hamilton Hall, Plaintiff, Gerry Kirby, suffered the injuries and damages set forth in paragraph nineteen (19), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gerry Kirby, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's

conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Count Four**
**Negligence *Per Se***

30. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-nine (29), as if fully set out herein.

31. Under the Federal Motor Carrier Safety Regulations, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed the general public, including Plaintiff, Gerry Kirby, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as commercial drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

32. Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a statutory duty to properly screen its applicants for employment. Under the Federal Motor Carrier Safety Regulations, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had numerous statutory duties, including, but not limited to, the following:

    a.    To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers. **49 C.F.R. §391.11 & §391.15**;

b. To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo. **49 C.F.R. §391.13**;

c. To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers. **49 C.F.R. §391.21**;

d. To fully investigate a driver's employment history by all reasonable means. **49 C.F.R. §391.23(d)-(k)**;

e. To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment. **49 C.F.R. §391.23(a)-(c)**;

f. To properly conduct an annual inquiry and review of a driver's driving record. **49 C.F.R. §391.25**;

g. To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months. **49 C.F.R. §391.27**;

h. To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers. **49 C.F.R. §391.31**;

i. To ensure the physical and medical qualifications of its applicants. **49 C.F.R. §§391.41-391.49**;

j. To maintain an appropriate driver qualification file for each of its drivers. **49 C.F.R. §391.51**;

k. To maintain an appropriate driver investigation history file for each of its drivers. **49 C.F.R. §391.53**; and

l. To operate its commercial motor vehicles within the operating authority granted to it by the U.S. Department of Transportation Federal Motor Carrier Safety Administration. **Form OP-1**.

33. Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached each of these statutory obligations and permitted JAMES HAMILTON HALL to operate its commercial motor vehicles after negligible efforts, if any, to determine whether JAMES HAMILTON HALL was competent and fit to drive its commercial motor vehicles.

34. Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff, Gerry Kirby, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce. Plaintiff, Gerry Kirby, belongs to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the personal injuries suffered by Plaintiff, Gerry Kirby, were the types of injuries that the federal safety regulations were specifically intended to prevent.

35. Plaintiff, Gerry Kirby's injuries were proximately caused by Defendant, Sysco Company and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the statutory obligations referenced in paragraph thirty-one (31), above. If it had properly screened James Hamilton Hall background, Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 would not have hired or retained him as a commercial driver, and this incident would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gerry Kirby, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant, Sysco Company, and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the

Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Five
## Underinsured/Uninsured Motorist Coverage

36. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-five (35), as if fully set out herein.

37. Plaintiff, Gerry Kirby, avers that at the time of the occurrence made the basis of this lawsuit, there was in full force and effect a policy of automobile insurance issued by Direct General which provided underinsured/uninsured motorist automobile coverage to Plaintiff.

38. Plaintiff, Gerry Kirby, has charged Defendant, James Hamilton Hall, with negligent or wanton operation of a motor vehicle proximately causing the injuries and damages complained of herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Gerry Kirby, demands judgment against Direct General for those damages in excess of the policy limits provided to Defendants, James Hamilton Hall and, Sysco Company, up to the amount of insurance provided by Direct General.

## Count Six
## Fictitious Defendants

39. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-eight (38), as if fully set out herein.

40. Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "1 through 16", combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in COUNT I above. Defendants, "1 through 16", whose

current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff claims of the Fictitious Defendants, "1 through 16", damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

**Dated:** This, the 20th day of November, 2021.

/s/ Richard A. Rice
Richard A. Rice (RIC086)
Attorney for the Plaintiff

**OF COUNSEL:**
THE RICE FIRM, LLC
115 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
P (205) 618-8733
F (888) 391-7193
Rrice@rice-lawfirm.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

/s/ RICHARD A. RICE
OF COUNSEL

**TO CLERK:  PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

SYSCO COMPANY
2001 WEST MAGNOLIA AVENUE
GENEVA, AL 36340

JAMES HAMILTON HALL

1275 Leavins Rd.
Westfield, FL 32464
(850)768-2911

CC:
ZURICH AMERICAN INSURANCE
c/o CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104